IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NAIMATULLAH NYAZEE, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) Case No. ) ) |
| v. | ) **NOTICE OF REMOVAL OF CIVIL** ) **ACTION** ) |
| T-Mobile USA, Inc., | ) **JURY TRIAL DEMANDED** ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

In accordance with 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant T-Mobile USA, Inc. removes the case captioned *Naimatullah Nyazee v. T-Mobile USA, Inc.*, Case No. 21SL-CC04735 from the Circuit Court of St. Louis County to the United States District Court for the Eastern District of Missouri. T-Mobile provides the following "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87, 89 (2014).

1. On October 7, 2021, Plaintiff Naimatullah Nyazee filed a putative class-action petition—attached in Exhibit A, the "State Court File"—in St. Louis County Circuit Court. Plaintiff alleges claims for negligence, intrusion upon seclusion/invasion of privacy, breach of implied contract, alleged violation of the Missouri Merchandising Practices Act, and unjust enrichment. Ex. A, State Court File, Pet. at pp. 12–19.

2. This Court has original jurisdiction over this case under the Class Action Fairness Act (CAFA) because (1) there is at least minimal diversity between the parties, (2) the putative class includes more than 100 members, (3) no defendant is a state, state official, or other governmental entity, (4) the amount in controversy exceeds $5 million, exclusive of interest and

costs, and (5) none of CAFA's exceptions applies. *See* 28 U.S.C. § 1332(d). T-Mobile has also complied with all other removal requirements.

## BACKGROUND

3. Plaintiff alleges that he provided his personally identifiable information (PII) to T-Mobile "in connection with . . . obtaining mobile device services." Ex. A, State Court File, Pet. ¶ 73. According to Plaintiff, in mid-August 2021, a third-party criminal actor illegally accessed T-Mobile's systems containing PII for millions of T-Mobile's customers, including Plaintiff. *Id.* ¶¶ 2, 9. Plaintiff alleges five claims and seeks compensatory damages, an order requiring T-Mobile "to provide identity theft monitoring for an additional five years," restitution, disgorgement, and attorneys' fees. *See id.* p. 20. He alleges those claims on his own behalf and on behalf of "[a]ll individuals residing in Missouri whose PII was compromised as a result of the T-Mobile Data Breach announced by Defendant on or about August 17, 2021." *Id.* ¶ 34.

4. Plaintiff filed his petition on October 7, 2021 and served the petition and summons on December 2. *See* Ex. A, State Court File, Summons & Pet. at p.1. In accordance with 28 U.S.C. § 1446(a), T-Mobile has attached in Exhibit A true and correct copies of the summons and petition, which is the only process, pleading, or order that Plaintiff served on T-Mobile in the state-court case. In accordance with Local Rule 2.03, T-Mobile has also included in that exhibit a copy of the state-court docket and all other documents filed in the state-court action.

## GROUNDS FOR REMOVAL

5. The Court has original subject-matter jurisdiction under CAFA because of the case's size, the amount of damages that Plaintiff's petition puts in controversy, and the parties' diversity. CAFA provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Section 1332(d)(5) also provides that CAFA jurisdiction extends to class actions in which there are at least 100 putative class members. *See id.* § 1332(d)(5)(B). This case satisfies those requirements.

## I. THIS CASE IS A CLASS ACTION WITH MORE THAN 100 PUTATIVE CLASS MEMBERS.

6. Under CAFA, a "class action" is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff alleges that he "brings this action against Defendant as a class action on behalf of himself and all members of the [defined] class," and he cites Mo. R. C. P. 52.08 for support. Ex. A, State Court File, Pet. ¶ 34. That fits CAFA's definition of a putative class action. *See* 28 U.S.C. § 1332(d)(1)(B).

7. Plaintiff also alleges that T-Mobile's data-security incident affected "more than fifty-four million consumers across the country," that "the consumers residing in Missouri can be identified through Defendant's records, though the exact number and identities of Class Members are currently unknown," that "[t]he Class is . . . so numerous that joinder of all members . . . is impracticable," and that "Class Members number in the thousands or millions." Ex. A, State Court File, Pet. ¶¶ 38, 43; *see also id.* ¶ 34 (putative class definition).

8. Based on Plaintiff's own allegations, there are more than 100 putative members in the alleged class, which satisfies CAFA's requirement that the putative class include more than 100 members. T-Mobile has also reviewed its records and determined that there are more than 100 Missouri residents (and citizens) whose information was involved in the cyberattack that gives rise to Plaintiff's claims.

## II. THERE IS MORE THAN $5 MILLION IN CONTROVERSY.

9. The "matter in controversy" also exceeds $5 million, exclusive of interest and costs. *Cf.* 28 U.S.C. § 1332(d)(2). "[T]he amount in controversy is simply an estimate of the total amount in dispute." *Waters v. Home Depot U.S.*, 446 F. Supp. 3d 484, 493 (E.D. Mo. 2020). A "defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Faltermeier v. FCA US LLC*, 899 F.3d 617, 621 (8th Cir. 2018). But even if a plaintiff challenges that allegation, the question is not "whether the damages are greater

3

than the requisite amount, but whether a fact finder might legally conclude that they are." *Id.*; *see also Dammann v. Progressive Direct Ins. Co.*, 856 F.3d 580, 584 (8th Cir. 2017) ("[e]ven if it is highly improbable that the Plaintiffs will recover the amounts Defendants have put into controversy, this does not meet the legally impossible standard" (citation omitted)).

10. The petition does not state an amount in controversy, so this notice must contain only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89; *see also Schott v. Overstock*, No. 4:20-cv-00684-MTS, 2021 U.S. Dist. LEXIS 8353, at *5-6 (E.D. Mo. Jan. 15, 2021) ("[A] defendant need not, in its notice of removal, provide evidentiary submissions in support of its amount-in-controversy allegations . . . ."); *id.* ("it is sufficient for the defendant to provide 'only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold'").

11. T-Mobile denies all liability on Plaintiff's claims, denies that Plaintiff could ever recover damages, and denies that a court could ever certify a class under Federal Rule of Civil Procedure 23. But accepting Plaintiff's allegations are true—for removal purposes only—his putative class claims put more than $5 million, exclusive of interest and costs, in controversy.

12. Plaintiff alleges that he and the putative class members have suffered economic and non-economic damages and that the Court should award injunctive relief, restitution, compensatory damages, punitive damages, and attorneys' fees. Ex. A, State Court File, Pet. ¶ 56, p. 20. For example, Plaintiff alleges that T-Mobile should pay for "identity theft monitoring for an additional five years" beyond the two years' worth of credit monitoring that T-Mobile has already offered to impacted customers. *Id.* p. 20; *id.* ¶¶ 32, 56; *see also Porras v. Sprouts Farmers Mkt., LLC*, No. EDCV 16-1005 JGB (KKx), 2016 U.S. Dist. LEXIS 96805, at *7–9 (C.D. Cal. July 25, 2016) (cost of providing credit-monitoring services is properly included in amount in controversy). T-Mobile has reviewed its records and according to those records, the putative class includes more than 300,000 members because there are more than 300,000 Missouri residents (and citizens) whose information was involved in the cyberattack that gives rise to Plaintiff's claims. *See also* Ex. A, State Court File, Pet. ¶ 43 (alleging that the putative "Class Members number in the

4

thousands or millions"); *id.* ¶ 38 ("the consumers residing in Missouri can be identified through Defendant's records").

13. Assuming that there are only 300,000 putative class members, that Plaintiff seeks five more years of credit-monitoring services for those members, and that those services cost only $.40 per month (*i.e.*, $4.80 per year), then the amount in controversy would still be $7.2 million, exclusive of interest and costs.[1] Indeed, the monthly advertised rates for credit-monitoring services for the three national credit-monitoring bureaus range between $9.95 and $19.95 per month (Equifax), $9.99 and $19.99 per month (Experian), and $24.95 per month (TransUnion). *See* Equifax, https://www.equifax.com/personal/ (last visited Dec. 29, 2021); Experian, https://www.experian.com/consumer-products/compare-identity-theft-products.html (last visited Dec. 29, 2021); TransUnion, https://www.transunion.com/credit-monitoring (last visited Dec. 29, 2021). Plaintiff's claim for credit-monitoring services alone puts more than $5 million, exclusive of interest and costs, at stake.

14. And that is only one type of claimed relief. Plaintiff also seeks compensatory damages and alleges that "[t]he average cost per customer PII record was $180" (ostensibly referring to the cost to each affected customer). Ex. A, State Court File, Pet. ¶ 30. If Plaintiff seeks to recover at least $180 in damages per putative class member, then the amount in controversy would exceed $5 million—exclusive of interest and costs—so long as the putative class includes more than 27,800 members, which it does.

15. On top of that, Plaintiff also seeks (i) an order requiring T-Mobile to "disgorge into a common fund for the benefit of Plaintiff and Class Members all unlawful or inequitable proceeds" that T-Mobile purportedly received (which could potentially amount to millions of dollars under Plaintiff's theory); (ii) attorneys' fees (which could likewise amount to millions of dollars for complex class-action litigation); (iii) punitive or exemplary damages; and

---

[1] 300,000 (putative class members) multiplied by 4.80 (dollars per year) multiplied by 5 (years) equals $7,200,000. That amount would also increase if we assume that credit-monitoring services cost more than $.40 per month. In *Porras*, for example, a district court used a monthly rate of $15.95. 2016 U.S. Dist. LEXIS 96805, at *8.

5

(iv) injunctive relief requiring T-Mobile to implement more security measures. Ex. A, State Court File, Pet. ¶ 105, p. 20. Those requests for relief also increase the amount in controversy beyond the threshold. *Cf. Dart Cherokee*, 574 U.S. at 89 (notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

16. Since mid-August 2021, other plaintiffs have also filed putative class actions against T-Mobile in federal court concerning the same set of facts. Many of those plaintiffs have invoked the courts' jurisdiction under CAFA, representing that the amount in controversy for those cases exceeds $5 million, exclusive of interest and costs. *See, e.g.*, Dkt. 1, Compl. ¶ 13, *Veera Daruwalla v. T-Mobile USA, Inc.*, Case No. 2:21-cv-01118 (W.D. Wash. Aug. 19, 2021) ("This Court has jurisdiction over this action under the Class Action Fairness Act ('CAFA'), 28 U.S.C. § 1332(d), because the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs"); Dkt. 1, Compl. ¶ 11, *Randall Norris v. T-Mobile USA, Inc.*, Case No. 2:21-cv-01153-JLR (W.D. Wash. Aug. 26, 2021) (same); Dkt. 1, Compl. ¶ 25, *Akins v. T-Mobile USA, Inc.*, Case No. 2:21-cv-01179 (W.D. Wash. Aug. 31, 2021) (same). The same is true here.

### III. MINIMAL DIVERSITY EXISTS.

17. There is also minimal diversity under CAFA because at least one plaintiff is a citizen of a different state than one defendant. *See* 28 U.S.C. § 1332(d)(2)(a).

18. Plaintiff alleges that he "is a resident of Chesterfield, Missouri." *See* Ex. A, State Court File, Pet. ¶ 7. Plaintiff does not specifically allege that he is a citizen of Missouri, but "[i]t is assumed . . . that a person's current residence is also his domicile." Wright & Miller, *The Requirement and Meaning of Citizenship—Determination of a Person's Domicile*, 13E FED. PRAC. & PROC. JURIS. § 3612 (3d ed.) (citing cases); *see also Hendrix v. Curtis*, No. 4:09-cv-1079 HEA, 2009 U.S. Dist. LEXIS 114559, at *3 n.2 (E.D. Mo. Dec. 9, 2009) ("the Court will presume the citizenship of the parties is that of the stated residences"). On top of that, Plaintiff purports to represent a putative class of "[a]ll individuals residing in Missouri whose PII was compromised"; he alleges that he will "fairly and adequately represent and protect the interests of the [alleged] Class"; and he brings claims under Missouri statutory and common law. Ex. A, State Court File,

Pet. ¶¶ 34, 41; *id.* p. 17. T-Mobile alleges that Plaintiff is a citizen of Missouri today and that he was a citizen of Missouri when he filed the petition on October 7, 2021.[2] *Cf., e.g., Hargett v. RevClaims, LLC*, 854 F.3d 962, 967 (8th Cir. 2017) (allegation of plaintiff's citizenship in notice of removal established jurisdiction even though plaintiff's complaint referred to residency); *Lupo v. Hooter's of St. Peters, LLC*, No. 4:13-CV-601 CAS, 2013 U.S. Dist. LEXIS 52614, at *3 n.1 (E.D. Mo. Apr. 12, 2013) (same).

19. T-Mobile is incorporated in Delaware and has its principal place of business in Washington (Ex. A, State Court File, Pet. ¶ 8), so T-Mobile is a citizen of Delaware and Washington—and it was a citizen of those states when Plaintiff filed his petition on October 7, 2021. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010); *see also* 28 U.S.C. § 1332(c)(1) (for diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . .").[3]

20. Because at least one member of the putative class (Plaintiff) is a citizen of Missouri, and because T-Mobile is a citizen of Delaware and Washington, CAFA's minimal-diversity requirement is met.[4]

### IV. T-MOBILE HAS SATISFIED ALL OTHER REQUIREMENTS.

21. T-Mobile has also satisfied all other requirements for removal under 28 U.S.C. § 1446.

---

[2] Even if he were not, CAFA requires only minimal diversity. *See* 28 U.S.C. § 1332(d)(2)(a). The putative class includes "[a]ll individuals residing in Missouri whose PII was compromised as a result of the T-Mobile Data Breach" (Ex. A, State Court File, Pet. ¶ 34); at least one of those hundreds of thousands of Missouri residents is a Missouri citizen.

[3] T-Mobile is not a governmental entity. *Cf.* 28 U.S.C. § 1332(d)(5).

[4] None of the exceptions to CAFA applies here, but in any event, the burden is on Plaintiff to prove that one of CAFA's exception applies. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003).

22. ***Venue***. Venue is proper because Plaintiff filed the petition in St. Louis County and because this Court sits in the federal judicial district embracing that county. *See* 28 U.S.C. §§ 1391, 1441(a), 1446(a); *id.* § 105(a)(1).

23. ***Timeliness.*** T-Mobile was served with the summons and petition on December 2, 2021. T-Mobile has filed this notice within 30 days of being served with the summons and petition, so this notice is timely under 28 U.S.C. § 1446(b)'s 30-day deadline.

24. ***Notice to adverse parties and state court.*** In accordance with 28 U.S.C. § 1446(d), T-Mobile will promptly serve copies of this notice on Plaintiff's counsel and will file the notice with the clerk for the St. Louis County Circuit Court. T-Mobile will also separately file with this Court the required "Notice to the Plaintiff."

25. ***Consent.*** T-Mobile is the only defendant. Moreover, under CAFA, a class action "may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b).

26. ***Other matters***. If Plaintiff opposes removal, then T-Mobile asks for the opportunity to submit briefing, argument, and additional evidence to show why removal is proper. T-Mobile also reserves the right to amend or supplement this notice. By filing this notice, T-Mobile does not waive or relinquish its right to assert any defense or objection to the petition.

## CONCLUSION

The Court has subject-matter jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

Dated: December 31, 2021

                                                Respectfully submitted,

                                                SPENCER FANE LLP

By:   /s/ Timothy J. Ahrenhoersterbaeumer
       Timothy J. Ahrenhoersterbaeumer #55136MO
       SPENCER FANE LLP
       1 North Brentwood Boulevard, Suite 1000
       St. Louis, Missouri 63105
       Telephone: (314) 863-7733
       Facsimile: (314) 862-4656
       tahrenhoersterbaeumer@spencerfane.com

*Counsel for Defendant T-Mobile USA, Inc.*

# CERTIFICATE OF SERVICE

I certify that on December 31, 2021, I electronically filed this notice of removal with the Clerk of the Court by using the Court's electronic filing system, which will send notification to all counsel of record. I further certify that I sent a true and correct copy of this notice by email and U.S. Mail, postage prepaid, to the following:

    Mark Potashnick
    Weinhaus & Potashnick, LLP
    11500 Olive Blvd., Suite 133
    St. Louis, Missouri 63141
    markp@wp-attorneys.com

    Jeremiah Frei-Pearson (*pro hac vice* forthcoming)
    Finkelstein, Blankinship, Frei-Pearson & Garber, LLP
    One North Broadway, Suite 900
    White Plains, New York 10601
    Jfrei-pearson@fbfglaw.com

    *Counsel for Plaintiff*

                                                       /s/ Timothy J. Ahrenhoersterbaeumer